UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

MATTHEW T. DENHOLM, Regional Director of the Ninth
Region of the National Labor Relations Board, For
and On Behalf of the NATIONAL LABOR
RELATIONS BOARD

          Applicant

v.                                                 Civil No. 3:22-mc-2-BJB

SVETOZAR NENADOVIC, AN INDIVIDUAL

          Respondent

### APPLICATION FOR ORDER REQUIRING OBEDIENCE
### TO SUBPOENA AD TESTIFICANDUM

To the Honorable Judges of the United States District Court for the Western District of Kentucky:

The National Labor Relations Board, (Board), an administrative agency of the Federal Government created pursuant to the National Labor Relations Act, as amended 29 U.S.C. Sec. 151, et seq., (Act), by its General Counsel and by Eric A. Taylor, acting Regional Attorney for Region 9, respectfully applies to this honorable Court, pursuant to Section 11(2) of the Act, for an order requiring Svetozar Nenadovic, an individual, herein referred to as Respondent, to obey the subpoena ad testificandum issued to him by the Board and duly served upon him in the manner provided by law.  In support of said application, upon information and belief, the Board asserts as follows:

    (a) This Court has jurisdiction of the subject matter of the proceeding and of Respondent by virtue of Section 11(2) of the Act (29 U.S.C. 161(2)).  That is, the alleged unfair labor practices and the investigation for which Respondent was subpoenaed to testify occurred within this judicial district.  Further, Respondent resides in Jefferson County, Kentucky within the jurisdiction of this Court.

(b) Pursuant to the provisions of Section 6 of the Act, the Board has issued Rules and Regulations (Rules), governing the conduct of its operations, which have been published in the Federal Register [24 F.R. 9095], as provided for in the Administrative Procedure Act [5 U.S.C. Sec. 522]. This Court may take judicial notice of said Rules by virtue of 44 U.S.C. Sec. 307.

(c) This application arises in connection with the Board's investigation of unfair labor practice charges filed by the International Brotherhood of Electrical Workers, Local Union 369 (Union) in Board Cases 09-CA-286214, 09-CA-286231, 09-CA-286239, 09-CA-286245, 09-CA-286281 and 09-CA-286294, alleging that ADT, LLC (the Employer) has engaged in various violations of the Act, including by soliciting its employees to circulate a petition to decertify the Union as their collective bargaining representative, promising the employees bonuses and other cash benefits in exchange for signing such petition and getting rid of the Union and, thereafter, withdrawing recognition from the Union in reliance on an employee petition that was tainted by such conduct. (Copies of the charges are attached as Exhibit A to the Memorandum in Support of this Application) The Employer is a security alarm installation and service company with a facility located in Louisville, Kentucky.

(d) Pursuant to the provisions of Section 10(a) and Section 11(1) of the Act [29 U.S.C. Sec. 160(a) and Sec. 161(1)], an investigation into the alleged unfair labor practices described above in paragraph (c) was commenced by the General Counsel of the Board, on behalf of the Board, under the supervision and direction of the Regional Director for Region 9 of the Board.

(e) As part of the investigation described above in paragraph (d), the Board obtained evidence showing that Respondent possessed evidence or information necessary to enable the Regional Director to complete the pending investigation and determine the merits of the allegations of the charges.

(f) On November 30, 2021, Respondent voluntarily made himself available to an agent of

the Board via telephone for the purposes of providing affidavit testimony in the Board's investigation. The Board agent sent a prepared affidavit to Respondent for signature on the same date and asked that he return it signed by December 3, 2021, thereby stating under penalty of perjury that such statement was true and correct.

(g) Respondent failed to return a signed affidavit by the December 3 deadline. Moreover, since November 30, 2021, Respondent has not responded to the Board's attempts to secure his cooperation in signing the affidavit.

(h) On December 30, 2021, the Board caused to be issued a subpoena *ad testificandum*, directed to Respondent, requiring Respondent to appear in the Board's office in Cincinnati, Ohio and provide a sworn affidavit. Said subpoena *ad testificandum* was issued under the authority of the Board and in the manner and form provided for in Section 11(1) of the Act and Section 102.31(a) of the Rules. The subpoena *ad testificandum* was mailed by certified mail via the United States Postal Service. A cover letter was enclosed with the subpoena inviting Respondent to contact the Board Agent and make alternative arrangements if the time and location listed on the subpoena to provide the affidavit was inconvenient. (A copy of the cover letter and subpoena are attached to the Memorandum in Support of this Application as Exhibits D and E respectively).

(i) Respondent signed for the subpoena (via USPS certified mail) on January 7, 2022. (Exhibit F to the Memorandum in Support of this Application)

(j) Respondent failed to appear and provide an affidavit on January 11, 2022, as required by the subpoena.

(k) Respondent's unwillingness and/or failure to provide affidavit testimony as required by the subpoena *ad testificandum* constitutes contumacious conduct within the meaning of Section 11(2) of the Act. Furthermore, Respondent's conduct is preventing the Board from

carrying out its duties and functions under the Act.

In view of Respondent's failure to comply with the subpoena, the Board requests:

(1) That an order to show cause issue directing Respondent to appear before this Court on a date specified in the order, and to show cause why an order should not issue directing him to appear before an agent of the Board in Cases 09-CA-286214, 09-CA-286231, 09-CA-286239, 09-CA-286245, 09-CA-286281 and 09-CA-286294 at a time and place fixed by an agent of the Board, and to give testimony and answer all questions relevant to the matters in question in the unfair labor practice proceeding pending before the Board.

(2) That, after considering any arguments in response to the order to show cause, the Court issue an order requiring Respondent to appear before an agent of the Board, at a time and place to be fixed by an agent of the Board, and to give testimony and answer all questions relevant to the matters in question in the unfair labor practice proceedings before the Board.

(3) That the applicant, National Labor Relations Board, have such other and further relief as may be necessary and appropriate.

Dated:  January 25, 2022

*/s/ Erik Brinker*
_____

Erik Brinker
Attorney for Applicant
Region 9, National Labor Relations Board
3-111 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio 45202-3271
Phone:  (513) 684-3633
Fax:  (513) 684-3946
Email:  erikbrinker@nlrb.gov
Ohio Bar No. 0092227